JAP:DCW

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

M-09-1105

- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

JUNIOR ST VIL,

              Defendant.

- - - - - - - - - - - - - - -X

C O M P L A I N T

(21 U.S.C. §§ 952(a) and 960)

EASTERN DISTRICT OF NEW YORK, SS:

        JOSEPH D. CERCIELLO, being duly sworn, deposes and states that he is a Special Agent of the United States Department of Homeland Security, Immigration and Customs Enforcement, duly appointed according to law and acting as such.

        Upon information and belief, on or about November 7, 2009, within the Eastern District of New York and elsewhere, the defendant JUNIOR ST VIL did knowingly, intentionally and unlawfully import into the United States from a place outside thereof a substance containing cocaine, a Schedule II controlled substance.

        (Title 21, United States Code, Sections 952(a) and 960).

The source of your deponent's information and the grounds for his belief are as follows:[1]

1. On or about November 7, 2009, the defendant JUNIOR ST VIL arrived at John F. Kennedy International Airport ("J.F.K. Airport") in Queens, New York, aboard American Airlines Flight No. 896 from Port-au-Prince, Haiti.

2. During a routine inspection of ST VIL's passport, Customs and Border Protection ("CBP") officers noticed that ST VIL, a citizen of Haiti, had traveled to various ports of entry, and had traveled to New York as recently as October, 2009. When CBP officers questioned ST VIL further about his travel, he became nervous. CBP officer also noticed that ST VIL was wearing loose fitting pants.

3. CBP officers conducted a personal search of ST VIL. During the course of the search, hard objects were felt around ST VIL's lower abdomen. Thereafter, a partial strip search of ST VIL's lower abdomen revealed that he was wearing a girdle. Hidden inside the girdle were six plastic packages which contained a white powdery substance. Powder from one of the packages was field tested positive for cocaine. Thereafter, ST VIL was placed under arrest.

---

[1] Because the purpose of this Complaint is to set forth only those facts necessary to establish probable cause, I have not described all the relevant facts and circumstances of which I am aware.

4. ST VIL was given Miranda warnings which he waived. ST VIL stated that this was the fifth time that he had carried narcotics into the United States. ST VIL also stated that on each previous occasion that he imported narcotics into the United States, he was paid $4,000.

5. The total approximate gross weight of the cocaine found in the girdle worn by the defendant JUNIOR ST VIL is 1,679.8 grams.

WHEREFORE, your deponent respectfully requests that the defendant JUNIOR ST VIL be dealt with according to law.

JOSEPH D. CERCIELLO
Special Agent
U.S. Department of Homeland Security
Immigration and Customs Enforcement

Sworn to before me this
9th day of November, 2009

THE HONORABLE ROBERT M. LEVY
UNITED STATES MAGISTRATE JUDGE
EASTERN DISTRICT OF NEW YORK